**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DAVID VELASQUEZ URIBE,

  Petitioner,

  v.

PAMELA BONDI, et al.,

  Respondents.

Civil Action No. 26-2960 (SDW)

OPINION

**IT APPEARING THAT:**

1.    Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner David Velasquez Uribe, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall").  (ECF No. 1).

2.    Respondents oppose the Petition.  (ECF No. 6).

3.    Petitioner is a citizen of Colombia.  (ECF No. 1 at 3).  Petitioner entered the United States on or about December 9, 2017 and "had previously been in the United States for approximately 3.5 months from October 16, 2015, until February 1, 2016."  (ECF No. 6-2 at 2).

4.    He was ordered removed and put on a flight back to Colombia.  (*Id.*)

5.    On July 27, 2022, Border Patrol encountered Petitioner in Arizona.  (*Id.*)  He was eventually "released as an Alternate to Detention ('ATD') as a condition of parole."  (*Id.* at 2-3).

6.    He was detained by ICE on March 19, 2026 on a warrant of removal/deportation.  (*Id.*; ECF No. 6-2 at 3).

7.    The Department of Homeland Security ("DHS") moved to reinstate the prior order of removal.  (ECF No. 6-3).

8.      Petitioner filed his Petition on March 23, 2026 arguing that he was being illegally detained pursuant to 8 U.S.C. § 1225.  (ECF No. 1 at 3).  He asserted that he is a member of the "Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz, et al.*, Civ. No. 25-1873, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1]  (*Id.* ¶¶ 32-42).

9.      Respondents assert that Petitioner was properly detained pursuant to 8 U.S.C. § 1231(a) because he has a reinstated final order of removal and is still within the mandatory detention period.  (ECF No. 6 at 2).

10.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11.     Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

12.     Petitioner was removed pursuant to a valid order of removal in 2017.  (ECF No. 6-2 at 2).  Petitioner reentered the country on or about July 19, 2022, and his prior order of removal

---

[1] "The *Bautista* Court broadly certified a 'Bond Eligible Class' consisting of: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Singh v. Lyons*, No. 3:25-cv-2388, 2026 WL 531753, at *1-2 (M.D. Pa. Feb. 10, 2026), *report and recommendation rejected*, No. 3:25-cv-2388, 2026 WL 524267 (M.D. Pa. Feb. 25, 2026).

was reinstated on March 19, 2026. (ECF No. 6-3). Pursuant to 8 U.S.C. § 1231(a)(5), if "the Attorney General finds that [a noncitizen]has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the [noncitizen] is not eligible and may not apply for any relief under [immigration laws], and the [noncitizen] shall be removed under the prior order at any time after the reentry."

13.    That reinstated removal order is administratively final. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). Accordingly, Petitioner's detention is governed by 8 U.S.C. § 1231.[2]

14.    Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

15.    Petitioner was taken into custody pursuant to a reinstated removal order on March 19, 2026. He is well within the 90-day removal period.

16.    "Even were this not the case, Petitioner has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto, et al.*, No. 26-cv-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

---

[2] It is unnecessary to address Petitioner's *Maldonado Bautista* argument as this Court has concluded that § 1226 does not govern Petitioner's detention.

3

17.     Accordingly, this Court will deny the Petition.  Any restrictions on Petitioner's location will be lifted.

18.     An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
 Dated: March 30, 2026

4